UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE, FLORIDA
Case No. 22-62368-CIV-ALTMAN/HUNT

MELISSA BURGOS

        Plaintiff,

v.

WALMART STORES, INC.

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before this Court on an Application to Proceed in District Court Without Prepaying Fees or Costs, filed by Melissa Burgos. ECF No. 3. The Honorable Roy K. Altman referred this motion to the undersigned United States Magistrate Judge for a Report and Recommendation. *See* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having carefully reviewed Burgos' Application, the court file, and applicable law, the undersigned respectfully recommends Burgos' Motion be DENIED and the case be DISMISSED.

Courts follow a two-step process when determining whether a pro se litigant should be permitted to proceed in forma pauperis: first, a determination must be made whether the litigant qualifies by economic status, 28 U.S.C. § 1915(a)(1);[1] and second, the court must determine whether the cause of action stated in the complaint is "frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

[1] Although § 1915(a)(1) uses the phrase "prisoner possesses," the in forma pauperis statute is not limited to prisoner suits. *E.g., Haynes v. Scott*, 116 F.3d 137, 140 (citing *Floyd v. USPS*, 105 F.3d 274, 276 (6th Cir. 1997)); *see also Powell v. Hoover*, 956 F. Supp. 564, 566 (M.D. Pa. 1997).

Dismissals on these grounds are often made by the court on its own accord prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. *See Phillips v. Mashburn*, 746 F.2d 782, 784 (11th Cir. 1984); *see also Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984).

As for the initial inquiry, Burgos's application indicates she has no income and that her husband's income is insufficient to cover expenses. Burgos also does not note any valuable assets. ECF No. 3. The undersigned therefore concludes that Burgos' affidavit establishes the economic criteria to proceed in forma pauperis.

As Burgos' Application passes the first step, the undersigned must review the cause of action on its merits. Plaintiff brings this claim as the result of an incident at Defendant's store in which she and her daughter were detained on suspicion of not paying for roughly $60 worth of goods at a self-checkout kiosk. Plaintiff was eventually charged with a misdemeanor arising out of the incident. Plaintiff in her Amended Complaint pleads three counts arising out of the incident. ECF No. 4. The first is false imprisonment. The second is malicious prosecution. Third, Plaintiff pleads *res ipsa loquitur*. The Court addresses each count below.

"False imprisonment in Florida is defined as the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and the deprivation of his liberty." *Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1338 (S.D. Fla. 2012) (internal quotation and citation omitted). However, "Florida's shopkeeper's statute protects a merchant from civil liability for false imprisonment when the merchant has probable cause to believe that the person detained has committed theft." *Archer v. City*

2

*of Winter Haven*, 846 F. App'x 759, 763 (11th Cir. 2021) (citing *Morris v. Albertson's Inc.*, 705 F.2d 406, 409 (11th Cir. 1983)).

It is here that Plaintiff's claim falters. Plaintiff admits that in response to the petty theft claim that arose out of the incident, she "opted to take a plea in open court." ECF No. 4 at 4. Although Plaintiff hangs her hat on the fact that the judge in her criminal case withheld adjudication, Plaintiff nonetheless at best admitted that she did not contest the charges brought against her, and at worst pleaded guilty. Even a no-contest plea, absent evidence that a defendant reserved the right to challenge probable cause, establishes probable cause under Florida law. *See Stepanovich v. City of Naples, Fla*., No. CV214270FTMPAMMRM, 2017 WL 5202994, at *6 (M.D. Fla. Jan. 6, 2017), *aff'd sub nom. Stepanovich v. City of Naples,* 728 F. App'x 891 (11th Cir. 2018). Plaintiff does not argue that she reserved the right to challenge probable cause for her arrest in state court. There is also nothing in the record to indicate that probable cause was challenged in the criminal case. Accordingly, probable cause has been established, and Plaintiff's false imprisonment claim must fail.

The same set of circumstances is likewise fatal to her malicious prosecution claim. "[T]he absence of probable cause is undoubtedly a requirement for a claim of malicious prosecution." *Williams v. Aguirre*, 965 F.3d 1147, 1159 (11th Cir. 2020). Accordingly, both the malicious prosecution and false imprisonment claims should be dismissed.

That leaves Plaintiff's *res ipsa loquitur* claim. This claim likewise fails to state an actual cause of action. The doctrine of "*res ipsa loquitur* provides no assistance to a plaintiff's obligation to demonstrate a defendant's duty, that a breach of that duty was a substantial factor in causing plaintiff harm, or that such harm resulted in actual damages."

*Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1182 (11th Cir. 2020) (quoting *Quinby v. Plumsteadville Family Practice, Inc.*, 589 Pa. 183, 907 A.2d 1061, 1071 n.15 (2006)). Instead, "*res ipsa loquitur* leads only to the conclusion that the defendant has not exercised reasonable care, and is not itself any proof that he was under a duty to do so. It does not permit the imposition of liability without fault, and therefore does not help to establish the duty of care, which is essential to every negligence case." *Id.* (internal quotations and citations omitted).  The doctrine, then, is not a cause of action in and of itself but is instead only an aid to proving an element to a cause of action.  Given this, Plaintiff has not adequately pleaded a cause of action, and her claim must fail.

As all of her claims fail as a matter of law, Burgos' IFP request should be denied, and the case should be dismissed.

Accordingly, it is hereby RECOMMENDED that:

Burgos' Application, ECF No. 3, be DENIED, and the case be DISMISSED.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 16th day of May 2023.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies Furnished to:

The Honorable Roy K. Altman

Melissa Burgos
2348 NW 56th Ave
Apt. 11-204
Lauderhill, FL 33313
PRO SE