UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-62368-ALTMAN/Hunt

**MELISSA BURGOS**,

   *Plaintiff*,

v.

**WALMART STORES, INC.**,

   *Defendant*.
_____/

## ORDER

Our Plaintiff, Melissa Burgos, has filed an Application to Proceed in District Court Without Prepaying Fees or Costs (the "Motion") [ECF No. 3], which we referred to U.S. Magistrate Judge Patrick M. Hunt. After careful consideration, Judge Hunt recommended that we **DENY** the Motion and **DISMISS** the Amended Complaint. *See* Report and Recommendation ("R&R") [ECF No. 6]. Magistrate Judge Hunt also warned the parties as follows:

> Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

*Id.* at 5. Burgos timely objected to the R&R. *See* Plaintiff Melissa Burgos's Written Objections to the Court's Findings and Recommendations ("Objections") [ECF No. 9]. This Order follows.

## THE LAW

District courts must review *de novo* any part of a magistrate judge's disposition that has been properly objected to. *See* FED. R. CIV. P. 72(b)(3). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require a *de novo* review

only where objections have been properly filed—and not when neither party objects. *See Thomas*, 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

When a party timely objects to a magistrate judge's report and recommendation, the district judge must make a *de novo* determination "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Tardon*, 493 F. Supp. 3d 1188, 1209 (S.D. Fla. 2020) (Lenard, J.) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)). "Those portions of a magistrate judge's report and recommendation to which no objection has been made are reviewed for clear error." *Ibid.*

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. But the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of

2

entitlement to relief." *Id.* at 678 (cleaned up).

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that leniency "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action," *GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1989). *Pro se* litigants "cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim . . . . [J]udges cannot and must not 'fill in the blanks' for *pro se* litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

## ANALYSIS

Melisssa Burgos, acting *pro se*, has sued Walmart Stores, Inc. ("Walmart"). Her Amended Complaint [ECF No. 4] advances three claims: False Imprisonment of Plaintiff (Count I); Malicious Prosecution (Count II); and *Res Ipsa Loquitor* (Count III).[1] *See* Amended Complaint ¶¶ 20–48. These three claims all stem from the following basic facts:

> On the afternoon of February 22[,] 2022, or thereabouts, the Plaintiff Melissa Burgos entered the Walmart located at Plantation, FL with her 17 year old daughter to conduct family grocery shopping. During the self check out process the Plaintiff scanned several groceries and household items and formed the real and reasonable assumption and belief that all the items in her shopping cart was scanned correctly before bagging these items, placing them in her shopping cart and proceeding to the Walmart exit. . . . [A]s she proceeded towards the Walmart exit, but not yet exiting the store, the Plaintiff was accosted by two Walmart employees who identified themselves as members of Walmart's Loss and Prevention personnel. Plaintiff, at that point was asked to accompany the Defendant Walmart's personnel to a room where other Walmart personnel started rescanning the items in Plaintiff's shopping cart. . . . [T]he Defendant's rescan of the items revealed that 3 items worth $60 or thereabouts were purportedly not scanned and not reflected in the Plaintiff's receipt for the items at the self checkout machine which was supposed to purportedly registered the Plaintiff's items at point of sale.

---

[1] Burgos erroneously titles this her "Fourth Cause of Action." Amended Complaint at 8. But it's actually the *third* cause of action in her Amended Complaint.

3

*Id.* ¶¶ 1–4 (errors in original). Walmart's loss-prevention staff then called the police, who "arrived at the scene and asked . . . if the Defendant Walmart wanted to issue a 'no trespass notice' or whether they wanted to prosecute the Plaintiff." *Id.* ¶ 12. "[T]he Defendant . . . elected to prosecute the Plaintiff." *Id.* ¶ 13. After being charged with "petty [sic] theft," *id.* ¶ 18, Burgos "appeared at several hearings in criminal (misdemeanor) court . . . and *eventually opted to take a plea in open court*, with adjudication withheld," *id.* ¶ 16 (emphasis added).

In her prayer for relief, Burgos seeks "[d]amages . . . in the amount of $25,000 USD to compensate [her] for the false imprisonment. Damages in the amount of $100,000 for the . . . malicious prosecution and punitive damages as this Court would allow. Damages for lost wages in the amount of $15,000 which Plaintiff experienced as a result of Defendant Walmart's Res Ipsa Loquitor." *Id.* at 10.

Magistrate Judge Hunt "addresse[d] each count," R&R at 2, and ultimately recommended that the Motion "be DENIED, and the case be DISMISSED," *id.* at 5. As we're about to explain, Magistrate Judge Hunt rejected Burgos's false-imprisonment and malicious-prosecution claims for one obvious reason: Burgos *pled* (whether guilty or no-contest) to her theft charge in criminal court. That plea, in turn, resulted in a conviction under Florida law. And that conviction, as a matter of law, establishes probable cause for Burgos's prosecution and bars her from asserting any false-imprisonment or malicious-prosecution claims arising from that incident. *See id.* at 2–3 ("Florida's shopkeeper's statute protects a merchant from civil liability for false imprisonment when the merchant has probable cause to believe that the person detained has committed theft. . . . Plaintiff admits that in response to the [petit] theft claim that arose out of the incident, she opted to take a plea in open court. . . . The same set of circumstances is likewise fatal to her malicious prosecution claim." (cleaned up)). Magistrate Judge Hunt then rebuffed Burgos's *res ipsa loquitor* claim for an equally obvious reason: "The doctrine . . . is not a cause of action in and of itself but is instead only an aid to proving an

4

element to a cause of action." *Id.* at 4. Burgos now advances three objections to Magistrate Judge Hunt's R&R—all meritless.

*First*, Burgos "states that she receives Florida Food Stamps which is a means tested benefit and that further, because the Defendant Walmart's case against the Plaintiff is appearing publicly on the Broward County Case Search, that is searchable by prospective employees, that several employers have refused to hire Plaintiff on the basis of Walmart's baseless and malicious prosecution." Objections at 2 (errors in original). We **OVERRULE** this first objection because it has *nothing* to do with Magistrate Judge Hunt's findings and because (at best) it constitutes an impermissible *general* objection to Magistrate Judge's R&R. *See Tardon*, 493 F. Supp. 3d at 1209 ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or *general objections* need not be considered by the district court." (emphasis added)).

*Second*, Magistrate Judge Hunt recommended that "both the malicious prosecution and false imprisonment claims [ ] be dismissed" because the "Plaintiff admits that in response to the [petit] theft claim that arouse out of the incident, she 'opted to take a plea in open court.'" R&R at 3 (quoting Amended Complaint ¶ 16. As Magistrate Judge Hunt rightly explained, while the "Plaintiff hangs her hat on the fact that the judge in her criminal case withheld adjudication, [the] Plaintiff nonetheless at best admitted that she did not contest the charges brought against her, and at worst pleaded guilty." *Ibid.* "'Florida's shopkeeper's statute,'" Magistrate Judge Hunt noted, "'protects a merchant from civil liability for false imprisonment when the merchant has probable cause to believe that the person detained has committed theft.'" *Ibid.* (quoting *Archer v. City of Winter Haven*, 846 F. App'x 759, 763 (11th Cir. 2021)). And the same is true of a malicious-prosecution claim: "'[T]he absence of probable cause is undoubtedly a requirement for a claim of malicious prosecution.'" *Ibid.* (quoting *Williams v. Aguirre*, 965 F.3d 1147, 1159 (11th Cir. 2020)). The "Plaintiff," as Magistrate Judge pointed out, "does

5

not argue that she reserved the right to challenge probable cause for her arrest in state court. There is also nothing in the record to indicate that probable cause was challenged in the criminal case." *Ibid.*

In her second objection, Burgos doesn't really challenge Judge Hunt's reasoning. She doesn't, for instance, dispute Judge Hunt's conclusion that her no-contest (or guilty) plea established Walmart's probable cause to press charges against her—and that, as a result, she cannot now assert a malicious-prosecution or false-imprisonment claim against Walmart. *See generally* Objections. Instead, she attacks Judge's Hunt's determination that, when she pled, she didn't reserve the right to challenge Walmart's probable cause. She "acknowledges," as she must, "that the manner in which her Amended Complaint was written juxtapose [sic] what the Court sees through a search of the State case, that it might reasonably be presumed that Plaintiff did not contest probable cause of her false arrest and imprisonment which led to the Defendant Walmart's malicious prosecution thereafter." *Id.* at 2. But (she insists) "the State Court transcript if ordered, would reveal the manner and extent to which Plaintiff contested probable cause, despite the end result in a plea being made." *Ibid.* She thus asks us to allow her to take some discovery, so that the transcript of her criminal proceedings might be "supplied to this Court." *Ibid.* Three problems with this.

*One*, in her Amended Complaint, Burgos never alleges that, at any point in her criminal case, she challenged the government's probable cause. *See generally* Amended Complaint. That Amended Complaint is, of course, the operative pleading in this case. And, while she now says she's identified some exception to the general rule that, by virtue of her plea, she's barred from challenging the probable-cause determination, she cites no law for that exception—which is reason enough to reject her contention out of hand. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc) ("[F]ailure to raise an issue in an initial brief . . . should be treated as a forfeiture of the issue, and therefore the issue may be raised by the court *sua sponte* [only] in extraordinary circumstances."); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to make

6

arguments and cite authorities in support of an issue [forfeits] it."); *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented . . . are deemed [forfeited]."). Forfeiture aside, we routinely "decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Burgos (it goes without saying) never advanced this argument to Magistrate Judge Hunt. *See generally* Amended Complaint. Nor will we excuse this omission given that Burgos is really asking us to sustain her objections on the mere hope that future discovery *might* establish the viability of her objections. *See* Objections at 2 ("Plaintiff states that this Court which has not read the transcript should essentially allow this case to be filed and during the Discovery process, the State Court transcript will be supplied to this Court since it is a crucial point of issue in determining what Petitioner stated from what actually transpired in the State case.").

*Two*, under Florida law, a "no contest plea constitute[s] a 'conviction' even though adjudication of guilt was withheld." *Behm v. Campbell*, 925 So. 2d 1070, 1072 (Fla. 5th DCA 2006) ("'Conviction' means a guilty verdict by a jury or judge, or a guilty or *nolo contendere* plea by a defendant, regardless of adjudication of guilt." (quoting FLA. STAT. § 960.291(3))). Burgos admits that she "opted to take a plea in open court, with adjudication withheld." Amended Complaint ¶ 16. And "[t]he Florida Supreme Court has held 'a judgment of conviction . . . is a sufficient legal determination of the existence of probable cause . . . [unless] it be shown that the judgment was obtained by fraud, perjury, or other corrupt means.'" *Stephens v. DeGiovanni*, 852 F.3d 1298, 1319 (11th Cir. 2017) (quoting *Goldstein v. Sabella*, 88 So. 2d 910, 911–12 (Fla. 1956)). Since Burgos never suggests that she pled because of some "fraud, perjury, or other corrupt means," she's forfeited any such claim.

*Three*, Burgos *concedes* that, when she was stopped by Walmart's loss-prevention team, the "rescan of [her] items revealed that 3 items worth $60 or thereabouts were purportedly not scanned and not reflected in the Plaintiff's receipt[.]" Amended Complaint ¶ 5. In other words, the loss-

prevention team initially saw something that alerted them to the possibility that Burgos was about to walk out of the store with unpaid goods. And, when they confronted her about it, their suspicions confirmed. As Magistrate Judge Hunt explained: "Florida's shopkeeper's statute protects a merchant from civil liability for false imprisonment when the merchant has probable cause to believe that the person detained has committed theft." *Archer*, 846 F. App'x at 763. Notably, "[t]he probable cause required to satisfy the statute does not reach the level of probable cause required to support a later prosecution." *Ibid.* (cleaned up). Indeed, even "[t]he fact that the plaintiff was not actually guilty of shoplifting does not affect the probable cause determination." *Ibid.* In our case, Burgos has admitted that the loss-prevention team caught her trying to leave the store with unpaid goods—and she later pled to that charge. We therefore agree with Magistrate Judge Hunt that Burgos cannot assert a malicious-prosecution or false-imprisonment claim against Walmart arising from that same shoplifting incident. *See Butler v. Smith*, 2023 WL 7096649, at *4 (11th Cir. Oct. 27, 2023) (noting that a malicious-prosecution plaintiff must show that the prosecution was brought "'with malice and without probable cause'" (quoting *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019))); *see also Morris v. Albertson's, Inc.*, 705 F.2d 406, 409 (11th Cir. 1983) ("The Florida shopkeeper's immunity statute protects a merchant from a false arrest claim only when the merchant has probable cause to believe that the person detained has committed a larceny." (citing *Gatto v. Publix Supermarket, Inc.*, 387 So. 2d 377, 379 n.3 (Fla. 3d. DCA 1989) ("[T]he existence of probable cause for believing that the person arrested committed larceny of the goods held for sale would insulate Stepp and Publix from liability."))). We thus **OVERRULE** Burgos's second objection.[2]

---

[2] Burgos's malicious-prosecution claim fails for yet another reason. To prevail on a malicious-prosecution claim, a plaintiff must show that the criminal prosecution against her "terminated in the plaintiff accused's favor[.]" *Butler*, 2023 WL 7096649, at *4. Since Burgos was convicted of petit theft, the criminal case against her (obviously) didn't terminate in her favor. *See, e.g., Hoffman v. Off. of State Att'y, Fourth Jud. Cir.*, 793 F. App'x 945, 955 (11th Cir. 2019) ("Here, the district court did not err in concluding that the plaintiffs failed to establish the element of a 'bona fide termination.' As to

In her third objection, Burgos advances a bizarre argument to Magistrate Judge Hunt's determination that her *res ipsa loquitur* claim "fails to state an actual cause of action" because *res ipsa loquitur* "is not a cause of action in and of itself but is instead only an aid to proving an element to a cause of action." R&R at 3–4. Burgos starts out by conceding Judge Hunt's legal conclusion: "The Plaintiff acknowledges the Court's conclusion that Res Ipsa Loquitor is not an action in and of itself[.]" Objections at 3. Still, she says that, in a "world where automated machines have become the deciders of which scanned items register on there [sic] system . . . the clear cut approach of proving Negligence becomes muddled for there being a lack of human actor creating the duty." *Ibid.* (errors in original). Given this concession, Burgos asks for leave "to file a Second Amend[ed] Complaint to plead her claims with more specificity and in order to resolve the anomaly with her filing." *Ibid.*

We won't do that because Burgos cannot cure the defects in her Amended Complaint. In her request for leave to amend, Burgos tells us that the negligence claim she hopes to swap in for her *res ipsa loquitur* "claim" will be predicated on her-false imprisonment and malicious-prosecution claims:

> THE PLAINTIFF ACKNOWLEDGES THAT RES IPSA LOQUITOR DOES NOT, IN AND OF IT ITSELF CREATE A CAUSE OF ACTION, BUT GIVEN THAT THE FALSE ARREST, IMPRISONMENT OCCURRED THROUGH A FAULTY INSTRUMENTALITY THAT WAS UN-MANNED BUT UNDER THE EXCLUSIVE CONTROL OF THE DEFENDANT WALMART, THE PLAINTIFF PRE-SUPPOSED IN HER AMENDED COMPLAINT THAT AN INFERENCE OF NEGLIGENCE WAS LOGICALLY UNDERSTOOD BY THE FEDERAL COURT.

*Id.* at 3. But, as we've said, Walmart cannot be liable for falsely imprisoning (or maliciously prosecuting) Burgos because, by taking her plea, Burgos has acceded to Walmart's probable-cause determination.

---

Hoffman, the plaintiffs contend that the court failed to recognize that two of her charges were dismissed. But these charges were dismissed as part of a plea agreement with the state prosecutors, under which she agreed to plead guilty to misdemeanor petit theft. Because the proceeding against Hoffman ended due to bargaining that resulted in a guilty plea to a lesser-included offense, she cannot establish the element of 'bona fide termination' in her favor.").

And Burgos "cannot sustain a claim of negligence on the basis of intentional torts." *Barmapov-Segev v. City of Miami*, 2019 WL 6170332, at *7 (S.D. Fla. Nov. 20, 2019) (Scola, J.); *see also Brown v. J.C. Penney Corp.*, 521 F. App'x 922 (11th Cir. 2013) (affirming a bench-trial judgment because, where the plaintiff brought *both* a battery *and* a negligence claim against the defendant-store for allegedly thwarting the plaintiff's shoplifting efforts, the magistrate judge "correctly held that a negligence claim cannot be premised on an intentional tort"). It's well-settled, in short, that "'negligence stemming from an arrest and/or imprisonment is subsumed by the tort of false arrest/false imprisonment.'" *Barmapov-Segev*, 2019 WL 6170332, at *7 (quoting *Hernandez v. Metro-Dade Cnty.*, 992 F. Supp. 1365, 1369 (S.D. Fla. 1997) (King, J.)). That's because "the negligent commission of an intentional tort is an 'oxymoron.'" *Ibid.* (quoting *Secondo v. Campbell*, 327 F. App'x 126, 131 (11th Cir. 2009)); *see also Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1338 (S.D. Fla. 2012) (Moore, J.) ("[I]t is improper to state a claim for negligence premised solely on the defendant's alleged commission of an intentional tort."); *City of Miami v. Sanders*, 672 So. 2d 46, 47–48 (Fla. 3d DCA 1996) ("[T]here is no such thing as the 'negligent' commission of an 'intentional' tort.").

In other words, Burgos's proposed second amended complaint would still fail to state a viable claim. As a result, any such emendation would be futile—and we needn't grant leave to amend where the amendment would be futile. *See Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1162–63 (11th Cir. 2019) ("[T]he District Court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.").[3] We therefore **OVERRULE** Burgos's

---

[3] We also deny Burgos's request for leave to amend because it fails to comply with our Local Rules, which require that "[a] party who moves to amend a pleading . . . attach the original of the amendment to the motion in the manner prescribed by Section 3I(1) of the CM/ECF Administrative Procedures." S.D. FLA. L.R. 15.1. Burgos didn't file a separate motion for leave to amend, and (it goes without saying) she didn't attach her proposed second amended complaint to any such motion. For this additional reason, then, her request for leave to amend is denied. *See McGinley v. Fla. Dept. of Highway Safety & Motor Vehicles*, 438 F. App'x 754, 757 (11th Cir. 2011) ("In our circuit a request for leave to amend is not properly made when it is 'imbedded within an opposition memorandum,' as it was here.

third objection and **DENY** her request for leave to amend.

***

After careful review, we hereby **ORDER AND ADJUDGE** as follows:

1. The R&R [ECF No. 6] is **ACCEPTED and ADOPTED** in full.

2. The Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 3] is **DENIED**.

3. The Plaintiff's request for leave to amend the Amended Complaint is **DENIED**.

4. This case is **DISMISSED** *with prejudice*.

5. The Clerk of Court shall **CLOSE** this case. Any pending motions are **DENIED as moot**. All pending deadlines and hearings are **CANCELED**.

**DONE AND ORDERED** in the Southern District of Florida on November 13, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

But even if it had been, a plaintiff must set forth the substance of the proposed amendment or attach a copy of the proposed amended complaint. The plaintiffs here did neither and as such the district court properly exercised its discretion in denying leave to amend." (first quoting *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009); and then citing *Atkins v. McInteer,* 470 F.3d 1350, 1362 (11th Cir. 2006))).